1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NW PIPE COMPANY, an
Oregon Corporation,

                    Plaintiff,

        vs.

DEWOLFF, BOBERG AND
ASSOCIATES, INC., a Delaware
corporation,

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 10-0840-GHK (DTBx)

ORDER RE: DEFENDANT'S MOTION
TO PRECLUDE PLAINTIFF'S
EVIDENCE OF DAMAGES, OR IN THE
ALTERNATIVE, TO REOPEN
DISCOVERY ON LIMITED ISSUES
AND FOR SANCTIONS (DKT NO. 62)

**INTRODUCTION**

On October 24, 2011, defendant filed a "Motion to Preclude Plaintiff's Evidence of Damages, or in the Alternative, to Reopen Discovery on Limited Issues and for Sanctions" ("Motion"). By way of this Motion, defendant seeks an order precluding plaintiff from introducing any evidence regarding any lack of savings for purposes of calculating its damages in this action, or any evidence of calculations of any corresponding damages. Defendant argues that preclusion of evidence regarding plaintiff's damages is appropriate because plaintiff failed to disclose its current damages computation methodology in its initial disclosures as required by Fed. R.

1

1   Civ. P. 26, and did not provide defendant with this new damages computation

2   methodology until after the fact discovery cut-off date.  According to defendant,

3   plaintiff's untimely disclosure of its damages computation methodology, along with

4   the concomitant supporting documentation, has prejudiced defendant because it has

5   been deprived of the opportunity to conduct discovery regarding plaintiff's new

6   damages computation methodology.

7       In response, plaintiff filed its Opposition ("Opp.") to the Motion on November

8   1, 2011 wherein it objected to the Motion, arguing that it has not significantly altered

9   its damages calculation, and to the extent its calculation methodology has changed,

10  it is still based upon information which has previously been provided to defendant,

11  and, therefore, defendant has not been prejudiced.  Defendant filed its Reply

12  ("Reply") to the Opposition on November 7, 2011.  The Court conducted a hearing

13  on the Motion on December 22, 2011.  All interested parties were present and were

14  provided an opportunity to address the Motion.

15      Thus, this matter is now ready for decision.  For the reasons discussed below,

16  defendant's Motion is granted in part and denied in part.

17

18                          **PROCEDURAL HISTORY**

19      Plaintiff initiated this action on June 7, 2010 ("Complaint").  Plaintiff, a

20  manufacturer of industrial pipe, hired defendant, a management consulting firm, to

21  improve efficiency and productivity at plaintiff's Denver, Colorado and Adelanto,

22  California manufacturing plants. (Complaint at 2-3.) Plaintiff alleges that defendant

23  violated its contractual obligations and committed fraud by breaching its guarantee

24  to achieve promised annual savings benefits.  (See generally Complaint.)  Plaintiff

25  contends that it failed to meet certain savings targets following completion of

26  defendant's work on-site. (Complaint at 9.)

27      After defendant answered the Complaint on October 1, 2010, plaintiff sought

28  leave to amend its Complaint, which was granted on December 3, 2010 ("FAC").

1  Thereafter, the parties proceeded with discovery pursuant to the District Judge's
2  December 13, 2010 scheduling order.  The scheduling order was later amended after
3  the parties filed a Joint Motion to Extend Pretrial Deadlines.  Accordingly, pursuant
4  to the April 15, 2011 Order on Joint Motion to Extend Pretrial Deadlines ("Order"),
5  fact discovery was to be completed by July 12, 2011 and expert discovery was to be
6  completed by September 12, 2011.  The District Judge's Order expressly cautioned
7  the parties that  "[t]here will be NO further extensions."
8       Nevertheless, on or about June 15, 2011, plaintiff notified defendant that it had
9  found "problems" with its damages computation methodology, known as the "AvsE"
10  method. (Declaration of Michael Kao ["Kao Decl."] filed in support of Motion at ¶8.)
11  Plaintiff later notified defendant that it did not have an estimate for when any
12  corrected damages computation would be produced.  (Id.)  Meanwhile, the parties
13  agreed, without seeking leave of the Court, to conduct fact and expert discovery after
14  the respective cut-off dates, including taking the depositions of two fact witnesses
15  regarding damages.  On July 13, 2011, one day after the fact discovery cut-off,
16  plaintiff produced a new damages computation, using a methodology known as the
17  management report.[1]  (Kao Decl. at ¶14.)  Plaintiff provided a revised management
18  report relating to damages calculation on September 21, 2011.  (Kao Decl. at ¶21;
19  Motion at 8; Declaration of Lori Irish Bauman ["Bauman Decl."] filed in support of
20  Opp. at ¶24.)   According to defendant, this new methodology of damages
21  computation relies on a different set of data than the AvsE method.  (Motion at 2.)
22  Although the new damages computation relies on the same methodology used by
23  defendant during the Adelanto project to calculate savings, defendant did not have
24  the data to substantiate the new damages computation because some of the data was
25  generated after it was no longer on the project.  (Motion at 7, 17.)  Documents
26
27       [1]    Defendant further contends that plaintiff did not notify defendant that it
28  was definitely changing the methodology by which it was computing damages until
   August 3, 2011.  (Motion at 13.)

3

1  supporting this new damages computation were provided to defendant on July 11,
2  2011 and September 7, 2011.  (Kao Decl. at ¶20; Opp. at 4.)

3       At the hearing on the Motion, plaintiff's counsel indicated that plaintiff
4  designed its expert and provided an expert report to defendant on November 10, 2011
5  pursuant to an agreement between the parties, without leave of the Court as required
6  under Fed. R. Civ. P. 29.  The Court-ordered cut-off for expert discovery was
7  September 12, 2011.  To date, it appears defendant has not designed an expert or
8  provided an expert report.[2]

9
10              **DISCUSSION**
11  **I.   Defendant's Motion to Preclude Evidence**

12       Fed. R. Civ. P. 26(a)(1)(A)(iii) requires the following: [A]
13       computation of each category of damages claimed by the disclosing
14       party – who must also make available for inspection and copying as
15       under Rule 34 the documents or other evidentiary material, unless
16       privileged or protected from disclosure, on which each computation is
17       based, including materials bearing on the nature and extent of injuries
18       suffered.

19
20  Further, under Rule 26(e)(1)(A), a party must supplement or correct its disclosures
21  or discovery responses "in a timely manner if the party learns that in some material
22  respect the disclosure or response is incomplete or incorrect, and if the additional or
23  corrective information has not otherwise been made known to the other parties during
24  the discovery process or in writing."   "Rule 37(c)(1) gives teeth" to these
25  requirements by forbidding the use at trial of any information required to be disclosed

26  _____

27       [2]     Plaintiff also sought leave to amend its FAC on October 18, 2011 which
28  would have dismissed the claims regarding the Denver project.  However, this motion
    was denied on November 17, 2011.

that was not properly disclosed.  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).  Fed. R. Civ. P. 37(c)(1) provides that, a party who fails to provide information as required by Rule 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  "The Advisory Committee Notes describe [Rule 37(c)(1)] as a 'self executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material . . . .'" Yeti, 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 advisory committee's notes to 1993 Amendment).  As such, the party facing Rule 37(c)(1) sanctions has the burden of proving the failure to comply was substantially justified or harmless.  See id. at 1107; see also Frontline Med. Associates, Inc. v. Coventry Health Care, 263 F.R.D. 567, 568 (C.D. Cal. 2009).  No showing of bad faith or willfulness is required.  Yeti, 259 F.3d at 1106.  Courts are more likely to exclude damages evidence when the belated disclosure would require a new briefing schedule and the reopening discovery.  See, e.g., Hoffman v. Constr. Protective Services, Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) ("Later disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date.  Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless.").

The appropriateness of a sanction is within the discretion of the Court.  The Ninth Circuit has identified factors that the courts should consider in determining the appropriateness of discovery sanctions.  See Wendt v. Host Int'l, Inc., 125 F.3d 806, 814 (9th Cir. 1997) (citing Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)).  In Wendt, the court addressed the propriety of a preclusion order barring the introduction of expert testimony as a sanction against the plaintiffs' former counsel for failure to disclose damages evidence and for the untimely disclosure of expert witnesses.  The Ninth Circuit considered the following factors:  "1) [T]he public's interest in expeditious resolution of litigation; 2) the court's need to manage its

docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; [and] 5) the availability of less drastic sanctions." Id.[3]

Here, as explained above, plaintiff initiated this action on June 7, 2010. Under Rule 26(a), it was required to serve a computation of damages on defendants, and under Rule 26(e), it was required to supplement its damages computation in a timely manner. Plaintiff failed to comply with these requirements when it disclosed its new damages computation one day after the discovery cut-off. A subsequent violation occurred when it further revised its damages computation on September 21, 2011, after the expiration of the expert discovery completion date of September 12, 2011. Under any reasonable interpretation and application of Rule 26(a) and (e), plaintiff's disclosure of its damages computation, as well as the specific methodology it used to compute damages, was untimely. Thus, the burden rests with plaintiff to show that its failure to provide a timely computation of damages was substantially justified or harmless.

Plaintiff has failed to show that its conduct was substantially justified. Instead, plaintiff provides a vague assertion that when it "discovered errors" in its previous method for calculating damages, its counsel notified counsel for defendant. (Bauman Decl. at ¶20.) Plaintiff has never indicated that it promptly notified defendant after discovering these errors, or explained why the errors were not discovered until shortly before the discovery cut-off. Plaintiff instead argues that it revised the damages computation to "simplify" things for the Court and defendant. However, it is unclear

/ / /

---

[3] The Ninth Circuit has identified this five-factor test in a number of contexts, including in determining the propriety of a dismissal of default (Wanderer, 910 F.2d at 656), whether a case-dispositive sanction under Rule 37(b)(2) is just (Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007)), and in the context of a dismissal under Fed. R. Civ. P. 16(f) and 41(b) (Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

how fundamentally changing the methodology for computing its damages on the eve of the discovery cut-off conferred any benefit on either defendant or the Court.

Further, plaintiff also failed to timely produce documents relating to the damages computation. Plaintiff did not produce some of the documents until September 7, 2011, and only after defendant followed-up on August 17, 2011 requesting any additional responsive documents. (See Bauman Decl. at ¶17; Supplemental Declaration of Michael Kao ["Supp. Kao Decl."] filed in support of the Reply at ¶9.) Plaintiff has provided no justification for this untimely production.

Plaintiff also cannot show that its failure was harmless. Defendant has been deprived of the opportunity to conduct discovery to investigate and evaluate plaintiff's new computation of damages, including examining key fact witnesses regarding damages and plaintiff's expert. Unless defendant is afforded additional time and opportunity to conduct discovery, it will be materially prejudiced in its ability to defendant this action. The Ninth Circuit has made clear that late disclosure of information required by Rule 26(a) is not harmless where it requires discovery to be reopened and the creation of a new briefing schedule. See Hoffman, 541 F.3d at 1180; see also Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005) (as amended) ("Disruption to the schedule of the court and other parties . . . is not harmless"). In this case, although a trial date has not been set, motions for summary judgment had to be filed without the benefit of conducting discovery regarding the new damages computation.

Under these circumstances, an order barring plaintiff from introducing evidence of damages would be justified. However, the fact that this sanction can be imposed does not necessarily mean that it should. "The Ninth Circuit gives 'particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).'" Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 544 (N.D. Cal. 2009) (quoting Yeti, 259 F.3d at 1106); see also Bollow v. Fed. Reserve Bank of S.F., 650 F.2d 1093, 1102 (9th Cir. 1981) (as modified) ("The decision whether to penalize a

1  party for dilatory conduct during discovery proceedings is committed to the sound
2  discretion of the trial court.").  To preclude plaintiff from introducing evidence of
3  damages would essentially result in a dispositive sanction, as plaintiff would likely
4  be unable to demonstrate that it suffered damages.  As the Ninth Circuit explained in
5  Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir.
6  1998):

7              What is most critical for case-dispositive sanctions, regarding risk
8       of prejudice and of less drastic sanctions, is whether the discovery
9       violations "threaten to interfere with the rightful decision of the case."
10      [Citation omitted.]  While contumaciousness toward the court needs a
11      remedy, something other than case-dispositive sanctions will often
12      suffice.

13

14  Here, considering the five-factor test articulated in Wendt, the Court finds and
15  concludes that an exclusion of evidence sanction is not appropriate under the
16  circumstances.  Any prejudice to defendant resulting from plaintiff's untimely
17  disclosure of the new damages computation methodology, as well as the untimely
18  production of the concomitant documents, can be remedied by granting defendant
19  additional time to conduct discovery and ordering plaintiff to reimburse defendant for
20  the expense caused by plaintiff's conduct.  Thus, factors three and five of the Wendt
21  analysis favor plaintiff, since a less drastic sanction would remedy the harm defendant
22  has suffered.  On the other hand, factors one and two favor an exclusion sanction.
23  Although a trial date has not been set, reopening discovery would nevertheless further
24  delay this action.  Oracle, 264 F.R.D. at 544 ("The importance of early damages
25  disclosure is reflected in the requirement that initial disclosures at the outset of the
26  case include 'a computation of each category of damages claims,' and the underlying
27  documents 'bearing on the nature and extent of the injuries suffered.'") (citation
28  omitted).   Thus, the Court must determine whether the public policy favoring

1   disposition of cases on their merits outweighs the delay that will result if plaintiff is
2   not precluded from introducing evidence of damages.  The Court concludes that it
3   does.

4          While plaintiff's disclosure of its new damages computation methodology was
5   untimely, plaintiff provided the damages computation only a day after the fact
6   discovery cut-off. At that time, defendant could have moved to reopen discovery or
7   otherwise sought assistance from the Court. The time for taking expert discovery had
8   not yet expired.  However, instead of seeking leave of the Court or taking expert
9   discovery, defendant waited three months before bringing this issue to the Court's
10  attention.  Had defendant promptly filed a motion for sanctions regarding plaintiff's
11  untimely disclosure, part of the delay in moving this case forward could have been
12  avoided.  Likewise, some of the resulting delay could have been avoided had the
13  parties not agreed discovery after the discovery cut-off without seeking leave of the
14  Court pursuant to Fed. R. Civ. P. 29.

15         Further, plaintiff's Complaint disclosed that it was seeking damages based on
16  the failure to reach certain productivity levels.  (See Complaint at 3; FAC at 3.)  The
17  new damages computation is based on earned hours versus actual hours worked,
18  which as explained, is the same methodology defendant used to calculate savings on
19  the Adelanto project. (Motion at 7; Kao Decl. at ¶10.) Plaintiff's Complaint included
20  allegations that there was a net loss in productivity, including "more man-hours per
21  ton." (See Complaint at 9; FAC at 9.)  Thus, the completed discovery should have
22  focused, at least to some degree, on productivity levels, which would appear to
23  encompass at least some of the information utilized plaintiff's new damages
24  computation methodology.  Thus, while it appears defendant would need to conduct
25  additional discovery regarding this new damages computation, this is not a situation
26  in which an entirely unanticipated claim has been raised on the eve of trial.

27         Considering the circumstances of this case, including that less drastic sanctions
28  can rectify the prejudice defendant has suffered, as well as the public policy favoring

1   disposition of cases on their merits, the Court concludes that the "extremely harsh"

2   remedy of exclusion is not warranted at this time.   See United States ex rel.

3   O'Connell v. Chapman Univ., 245 F.R.D. 652, 655 (C.D. Cal. 2007) (finding that the

4   potential prejudice to the defendant was not so severe as to warrant exclusion,

5   especially given the possibility of ameliorating the prejudice through other means).

6        The Court nevertheless concludes that sanctions are warranted for plaintiff's

7   untimely disclosure of its damages computation and supporting documents without

8   any substantial justification.   Under Fed. R. Civ. P. 37(c)(1), the Court has the

9   authority to impose other appropriate sanctions, including those listed in Rule

10  37(b)(2)(A)(i)-(vi). The Court concludes that the appropriate sanction in this instance

11  is an award of monetary sanctions against plaintiff for defendant's time in analyzing

12  plaintiff's previous damages computation, as well as reasonable attorney's fees and

13  costs in pursuing this Motion for sanctions.

14       Additionally, discovery shall be reopened in this matter on a very limited basis

15  for the purpose of conducting additional discovery regarding plaintiff's revised

16  damages computation.   Plaintiff shall make the relevant fact witnesses and expert(s)

17  available for deposition.   Plaintiff shall ensure that these witnesses are adequately

18  prepared to respond to questions regarding damages.[4]   Prior to these depositions,

19  plaintiff shall supplement its written discovery responses regarding damages, as well

20  as produce any additional responsive non-privileged documents.

21       Plaintiff is advised that the Court reserves the option of excluding evidence of

22  damages if plaintiff fails to comply with this Order.

23

24  **II.   Defendant's quasi-Motion to Compel**

25       In defendant's Motion, defendant also appears to seek information regarding

26  plaintiff's SEC filings and certain restatements that were made for the years 2007-

27

28       [4]      This includes making Linda Van Gorden and Kenneth Faenza available
    for their depositions as previously agreed by the parties.

1   2009, in addition to evidence regarding plaintiff's damages computation. (Motion at

2   21.)  Defendant's request is essentially a motion to compel responses to discovery.

3   However, pursuant to the District Judge's Order on Joint Motion to Extend Pretrial

4   Deadlines, the last day to hear a discovery motion was July 12, 2011. (Dkt No. 43 at

5   1.)  As the District Judge explained in his scheduling order of December 13, 2010, the

6   fact discovery deadline "means that any discovery that is not received in hand by the

7   requesting party by the completion date will be denied.  If any discovery motions are

8   necessary, the parties shall ensure that they are calendared and heard by the

9   magistrate judge sufficiently in advance of the completion date to permit actual

10  production, by the completion date, of any discovery the judge might order." (Dkt

11  No. 33 at 1.)

12        Rather than moving to compel after plaintiff filed objections to the discovery

13  requests regarding this information, or filing it after learning that plaintiff intended

14  to rely on a new methodology for computing damages, defendant waited to raise this

15  issue until the filing of the instant Motion on October 24, 2011 - three months after

16  the fact discovery cut-off.  Defendant's motion to compel is therefore untimely.

17        Additionally, defendant has not adequately demonstrated the relevance of the

18  SEC filings.[5]  Defendant only vaguely explained that it should have the opportunity

19  to test whether certain alleged financial or reporting improprieties had an impact on

20  plaintiff's calculation of damages.  Defendant has not claimed that this information

21  is actually relevant, only that it should have the opportunity to test whether it may be

22  relevant.  At this time, the Court concludes that this is not a sufficient basis to order

23  discovery regarding this matter.  Calderon v. U.S. Dist. Court for the N. Dist. of Cal.,

24  98 F.3d 1102, 1106 (9th Cir. 1996) (explaining that discovery is not to be used for a

25  fishing expedition to investigate mere speculation).

26  / / /

27

28        [5]    The Court denies defendant's request to take judicial notice of plaintiff's
    Form 10k as it is not relevant to the instant Motion.

11

1    Based on the foregoing, the Court finds and concludes that defendant's motion
2    to compel information regarding plaintiff's SEC filings is denied without prejudice.
3    Defendant, however, remains free to question the deponents regarding the alleged
4    improprieties.  Further, if defendant concludes that discovery regarding these filings
5    is necessary after the additional depositions are taken and the supplemental discovery
6    is produced, defendant may move to compel at that time.

7

8                            **CONCLUSION AND ORDER**

9    IT IS HEREBY ORDERED THAT defendant's Motion is GRANTED in part
10   and DENIED in part.  Defendant's Motion to preclude plaintiff from introducing
11   evidence of damages is DENIED.   Defendant's Motion in the alternative is
12   GRANTED.  Specifically, the Court grants defendant's request to reopen discovery
13   for the limited purpose of conducting discovery regarding damages and awards
14   defendant its reasonable attorneys' fees and costs, including expert fees, in
15   accordance with the following provisions:

16   (1)    Counsel for defendant shall, no later than 14 days from the date of this
17   Order, serve and file a declaration, establishing the amount of attorneys' fees incurred
18   in connection with this Motion, along with a declaration and supporting
19   documentation establishing the amount of attorneys' fees and expert fees incurred in
20   analyzing the previous damages computation (the AvsE method).  The declaration(s)
21   shall provide an itemization of the time incurred and description of the work
22   performed, identify the attorney(s), expert(s), or other staff member(s) performing the
23   work, the customary fee of these individuals, and the experience, reputation, and
24   ability of these individuals performing the work.

25   (2)    Counsel for plaintiff shall have 14 days from service of defendant's
26   declaration(s) in which to file a responsive memorandum addressing the
27   reasonableness of the costs and fees sought, and any equitable considerations deemed
28   / / /

1    appropriate for the Court to consider in determining the amount of costs and fees that
2    should be awarded.

3          (3)    Fact discovery in this case shall be reopened for a period of 30 days from
4    the date of this Order for purposes of permitting defendant to conduct further
5    discovery regarding plaintiff's damages.  Within 10 days of the date of this Order,
6    plaintiff shall supplement its written discovery responses and produce any additional
7    responsive non-privileged documents regarding damages.  Defendant shall be
8    permitted to notice the deposition of up to three additional fact witnesses, in addition
9    to deposing Ms. Van Gorden and Mr. Faenza.  If, after conducting these additional
10   depositions, plaintiff believes it needs to depose additional witnesses, plaintiff may
11   seek leave to depose those witnesses at that time.  Any motion to compel regarding
12   fact discovery must be filed within 10 days of the expiration of this 30-day period, but
13   may be heard after the close of this period, consistent with the requirements of
14   Central District of California Local Rule 37, including 37-3.

15         (4)    Expert discovery will be reopened for a period of 45 days from the date
16   of this Order. All expert discovery shall be conducted during this time, including
17   designating experts and rendering expert opinions.  Any motion to compel regarding
18   expert discovery must be filed within 10 days of the expiration of this 45-day period,
19   but may be heard after the close of this period, consistent with the requirements of
20   Central District of California Local Rule 37, including 37-3.

21         (5)    Defendant's motion to compel discovery regarding plaintiff's SEC
22   filings is DENIED without prejudice.

24   DATED: January 17, 2012

26                              DAVID T. BRISTOW
                           UNITED STATES MAGISTRATE JUDGE